# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00630-CR

**Danny Lee Anderson aka Danny David, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 59442, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement with the State, appellant Danny Lee Anderson pleaded guilty to sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009). The trial court orally pronounced a sentence of 20 years' confinement and subsequently issued a written judgment containing additional terms that were not specifically mentioned during the pronouncement. On appeal, Anderson seeks modification of the written judgment, arguing that it improperly contained (1) an order to pay restitution that was not included in the oral pronouncement of the judgment, and (2) an order to pay attorney's fees although the record was insufficient to support an implicit finding that Anderson was not indigent. We modify the judgment only as it pertains to attorney's fees and affirm the judgment as modified.

## BACKGROUND

In April 2006, a grand jury indicted Danny Lee Anderson for aggravated sexual assault. *See* Tex. Penal Code Ann § 22.021 (West Supp. 2009). The trial court appointed counsel to represent Anderson pursuant to article 26.04(c) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.04(c) (West Supp. 2009) (appointment of counsel for indigent defendants). On May 14, 2009, pursuant to a plea agreement with the State, Anderson waived his rights and pleaded guilty to the lesser-included offense of sexual assault. *See* Tex. Penal Code Ann. § 22.011. The trial court withheld a finding of guilt to permit a Pre-Sentencing Investigation (PSI) to be conducted.

On October 1, 2009, the trial court heard evidence on punishment. The hearing focused exclusively on the PSI report; no other evidence was introduced by either party. The report indicated that Anderson had been unemployed for six years and four months and was last employed at Walmart in Hot Springs, Arkansas. During the hearing, Anderson informed the trial court that he had since become employed at Family Dollar Store. The trial court marked this change by hand in the report. The report also listed Anderson's income from Walmart as "$7.50 per hour." The trial court marked this field of the report by hand with a question mark but did not ask for, nor did Anderson offer, information regarding Anderson's income from Family Dollar Store.

At sentencing, the trial court stated to Anderson:

> I find you guilty and assess your punishment at 20 years' confinement in the Texas Department of Criminal Justice, Institutional Division. You just got too serious of a bad record; but, at least you didn't get life.

2

Though the PSI report included a "victim impact statement" recommending $463.00 in restitution to the victim, restitution was not discussed during the hearing nor mentioned at sentencing. Court costs and attorney's fees were also not discussed or mentioned. Before remanding Anderson into custody, the trial court orally and by signed certificate granted Anderson permission to appeal.

The trial court's written judgment of conviction was filed the following day. The first page of the judgment includes the terms of Anderson's confinement and lists court costs of $480.00, attorney's fees of $805.00, and restitution of "$ N/A." The following statement appears just above the judge's signature at the bottom of the second page:

> Furthermore, the following special findings or orders apply:
> DEFENDANT ORDERED BY COURT TO PAY COURT COSTS, ATTORNEY FEES, FINES AND RESTITUTION AFTER RELEASE FROM INCARCERATION.

On October 7, 2009, the trial court appointed new counsel to Anderson for the purposes of appeal, again pursuant to article 26.04(c) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.04(c). Anderson timely appealed, asking this Court to modify the judgment to (1) delete the order to pay restitution, and (2) delete the order to pay attorney's fees.

## DISCUSSION

**Restitution**

We first address Anderson's issue contending that the judgment should be modified to delete the order to pay restitution to the victim. Anderson argues that because an order to pay restitution is punitive, due process requires that such an order be pronounced orally if it is to be included in the written judgment. *See Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App.

3

2002); *Weir v. State*, 252 S.W.3d 85, 88 (Tex. App.—Austin 2008), *rev'd in part on other grounds*, 278 S.W.3d 364 (Tex. Crim. App. 2009).  Anderson also relies on a recent decision of this Court modifying a judgment to delete an order to pay restitution in the amount of $5,418.50, as the order was not included in the oral pronouncement of the judgment.  *See Elam v. State*, No. 03-08-00501-CR, 2010 Tex. App. LEXIS 1347, at *6-7 (Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op., not designated for publication).

However, the trial court's inclusion of the restitution order in the present judgment was immaterial.  Unlike the restitution order in *Elam*, which obligated the defendant to pay restitution of a definite sum, the restitution order in the present case requires reference to a form field that reads "Restitution:  $ N/A."  Since this order imposes no actual obligation upon Anderson to pay restitution, Anderson's due process rights are not implicated.  Therefore, we conclude that this portion of the judgment need not be modified.  Anderson's first issue is overruled.

**Attorney's Fees**

We next turn to Anderson's issue contending that the judgment should be modified to delete the order to pay attorney's fees.  Unlike restitution, the assessment of fees for a court-appointed attorney is not considered punitive and therefore does not need to be pronounced orally at sentencing in order to be properly included in the written judgment.  *Weir*, 252 S.W.3d at 88.  In order to assess attorney's fees, the trial court must first determine that the defendant has the financial resources that enable him to offset in part or in whole the costs of the legal services provided.  *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2009).  This Court has noted that the language of article 26.05(g) does not require the trial court to make this determination explicitly.  *See Cornelison v. State*, No. 03-07-00664-CR, 2008 Tex. App. LEXIS 6222, at *7 (Tex. App.—Austin

4

Aug. 14, 2008, no pet.) (mem. op., not designated for publication). However, the record must reflect some factual basis to support a determination that the defendant is capable of paying attorney's fees. *See Perez v. State*, 280 S.W.3d 886, 887 (Tex. App—Amarillo 2009, no pet.); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.).

The Texas Court of Criminal Appeals recently held that the trial court's determination of the defendant's ability to pay attorney's fees is a question of sufficiency of the evidence, and that objection in the trial court is not required to preserve the issue on appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). In *Mayer*, the court affirmed a modification of the judgment to delete an order to pay attorney's fees. *Id.* at 557. The court noted that the defendant had been found indigent before trial as well as two months after trial (thus qualifying him for court-appointed counsel) but that the record contained no evidence to support the trial court's determination that the defendant possessed the financial resources to pay attorney's fees. *Id.* at 553. The court also stated that, under Texas law, once a defendant is determined by the court to be indigent, the defendant is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. *Id.* at 557 (citing Tex. Code Crim. Proc. art. 26.04(p)).

The holding in *Mayer* is controlling here. The record in the present case does not include an affidavit of indigency. However, the trial court appointed counsel to represent Anderson before trial and again six days after judgment was entered—both times expressly in accordance with article 26.04(c) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.04(c). Since that article applies exclusively to indigent defendants, the court apparently determined that Anderson was indigent at each of those points in time. Yet nothing in the record reflects that a

material change in Anderson's financial circumstances occurred within this interval that would have rendered him able to pay attorney's fees. The only evidence considered during the sentencing hearing was the PSI report, which indicated that Anderson had been unemployed for over six years and was last employed at Walmart in April 2003, earning $7.50 per hour.[1] The only suggestion that Anderson's financial circumstances might have changed since first being declared indigent came from Anderson informing the court that the report should be corrected to reflect that he had since become employed at Family Dollar Store. However, the record does not indicate whether Anderson's income from the new employer was more than, less than, or the same as the hourly wage stated in the report. The record also does not contain any information regarding Anderson's living expenses and other financial obligations, which would have been necessary in order for the trial court to properly re-evaluate Anderson's indigency. Therefore, we conclude that the order to pay attorney's fees was improper because the evidence was insufficient to support an implicit determination that Anderson had the financial resources to pay attorney's fees.

Having concluded that the trial court improperly ordered Anderson to pay attorney's fees, we must consider whether modification of the judgment is the appropriate remedy. In *Mayer*, the State argued that the case should have been remanded to the trial court for a determination of the defendant's financial status. 309 S.W.3d at 557. The court of criminal appeals stated:

> When claims of insufficient evidence are made, the cases are not usually remanded to permit supplementation of the record to make up for alleged deficiencies in the record evidence. Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict. In this case, there is no indication that the state was precluded from presenting evidence and being heard on the issue

---

[1] According to the PSI, Anderson was incarcerated during much of this six-year period of unemployment.

6

of appellant's financial resources and ability to pay for reimbursement of the court-appointed-attorney fees. We are unconvinced that the court of appeals committed any error in determining that the trial court erred in ordering reimbursement of attorney fees without remanding the case to the trial court.

*Id.* Like *Mayer*, the record evidence in the present case, even when viewed in the light most favorable to the trial court's judgment, fails to support a conclusion that the defendant was capable of reimbursing attorney's fees. Although the State has not specifically prayed for remand in the present case, we follow the guidance of *Mayer* in modifying the judgment rather than remanding to the trial court for determination of Anderson's financial status. Accordingly, we sustain Anderson's second issue and modify the judgment to delete the order to pay attorney's fees.

## CONCLUSION

Having overruled Anderson's issue regarding restitution but having sustained his issue regarding attorney's fees, we modify the judgment of conviction to delete the order to pay attorney's fees upon release from incarceration. As modified, we affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Modified and, as Modified, Affirmed

Filed: July 1, 2010

Do Not Publish