NO. 07-08-0500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 9, 2009
_____

MARTIN BARRERA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,579; HON. BRAD UNDERWOOD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Martin Barrera was convicted upon his guilty plea of aggravated sexual assault of a child and sentenced by a jury to 50 years confinement. In three issues, he seeks reversal by contending 1) the trial court erred in denying him the opportunity to pose a question to the jury during voir dire, 2) the trial court erred in denying him a curative instruction after improper jury argument, and 3) court-appointed attorney's fees should not

have been assessed without evidence that he was able to pay them. As reformed, the judgment is affirmed.

*Issue 1 - Jury Question During Voir Dire*

Appellant sexually assaulted his biological daughter from the time she was three years old until the age of seven. He pled guilty without a recommendation as to punishment. During voir dire, the jury was informed that appellant had pled guilty to aggravated sexual assault. One of the jurors noted that the fact appellant had pled guilty meant "something" and that it would be "a little hard for me to imagine probation for something like that." Appellant then asked: "Does anybody else feel the way [the juror] does?" The State objected on the basis that the question "is specific to this defendant and this case." The trial court sustained the objection. Appellant claims the trial court erred in not permitting him to pose his question and that he was harmed by that ruling.

At no time did appellant inform the trial court that it was improperly restricting his right to pose this question to the jury. *See Frankenfield v. State,* No. 03-05-0715-CR, 2008 Tex. App. LEXIS 7920 at *9-10 (Tex. App.–Austin October 16, 2008, no pet.) (not designated for publication) (stating that error was waived when the defendant did not inform the trial court it was improperly restricting his rights and why that was so). In contrast, appellant did make a bill of exception with respect to a question he posed to the jury as to whether it could consider probation for aggravated sexual assault of a child. Accordingly, we find the complaint as to this particular question waived.[1]

---

[1]Appellant does not challenge on appeal the propriety of the trial court's ruling with respect to the question whether the panel could consider probation for aggravated sexual assault of a child.

2

Furthermore, even if the issue was preserved and the question appropriate, we would find, beyond reasonable doubt, that the trial court's decision to bar it did not contribute to the punishment levied. First and foremost, the punishment eventually assessed was 50 years imprisonment, a number far in excess of the ten-year ceiling which allows for probation. That tends to negate any suggestion that probation was ever likely. Further, the sexual assaults committed by appellant on his daughter occurred over a span of four years and began when the child was three years old. Furthermore, the jury heard not only the details of the assaults but also appellant's efforts to characterize the child as the instigator. Next, by the time that defense counsel uttered the question at issue, he had already asked a number of questions regarding the venire members' ability to consider the full range of punishment (which included probation); indeed, he was about to leave the subject when the additional inquiry was posed and the State objected. So, upon considering these circumstances and the record as a whole, we cannot say that appellant was harmed by the purported error.

*Issue 2 - Jury Argument*

In his second issue, appellant complains of the trial court's failure to give a curative instruction when the State, during its closing argument, allegedly mischaracterized the testimony of his expert witness. We overrule the issue.

Appellant's expert witness testified that appellant fell within the low category for re-offending meaning that of the men in that risk group, "ninety out of one hundred are not charged with a new sexual offense over a 15-year window of time." He also testified that twenty years ago the industry had only a 50 percent chance of determining if a person

3

would be charged with a new offense but currently that percentage rate was 70. Thereafter, the State argued during its closing:

> Their expert wants to tell you that he has little likelihood of re-offending. Low means one in ten. Is one in ten worth that risk? And he also said there is a 70 percent - - 70 percent success in predictability. That means 30 percent wrong. So 30 percent out of those other nine out of that ten, it is another three, according to their statistics, still offend. That is 40 percent.

Appellant objected to this particular argument as mischaracterizing the evidence, and the trial court sustained the objection. However, no request was made for an instruction to disregard the argument. The State then continued by saying that: "It is higher than a coin flip, and that is all the statistics give you." Upon that being said, appellant uttered no objection but rather asked for an instruction to disregard. However, the court denied the request "as to that statement" and also denied the ensuing motion for mistrial.

As can be seen, appellant did not immediately request an instruction to disregard when the trial court sustained his objection. Rather, he waited until another statement was made. And, it is clear from the record that the trial court believed that the request for the curative instruction applied only to the reference to the coin flip. Thus, appellant did not preserve his complaint with respect to the initial statement. *Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (stating that to preserve error an objection must be pursued to an adverse ruling).

As to the second statement, appellant did not make an objection but did request an instruction to disregard which was denied. Permissible areas of jury argument include 1) summation of the evidence, 2) reasonable deduction from the evidence, 3) answer to argument of opposing counsel, and 4) a plea for law enforcement. *Brown v. State,* 270 S.W.3d 564, 570 (Tex. Crim. App. 2008), *cert. denied,* __U.S. __, 129 S.Ct. 2075, 173

4

L.Ed.2d 1139 (2009). The State contends that the challenged argument was a reasonable deduction from the evidence. It is not clear whether the State's use of the word "it" refers to appellant's propensity to re-offend or to the test used to place appellant in the low risk group. However, the trial court could have interpreted the reference to be to the test which has a predictability rate of 70 percent in which case the statement is an accurate summary of the evidence. Accordingly, we cannot say the trial court abused its discretion in refusing an instruction to disregard. *See Cole v. State,* 194 S.W.3d 538, 546 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (stating that abuse of discretion is the standard of review for rulings on jury argument).

*Issue 3 - Attorney's Fees*

In his last issue, appellant claims error on the part of the trial court in ordering that he pay $4,691.78 in attorney's fees when there is no showing in the record that he has the ability to pay. We agree.

There must be some factual basis in the record illustrating that an accused is capable of paying a legal fee levied under art. 26.05(g) of the Code of Criminal Procedure. *Perez v. State,* No. 07-08-0327-CR, 2009 Tex. App. LEXIS 1659 at *4 (Tex. App.–Amarillo March 11, 2009, no pet.); *Mayer v. State,* 274 S.W.3d 898, 901 (Tex. App.–Amarillo 2008, pet. granted). Appellant was appointed counsel at trial and filed an affidavit of indigence with respect to his appeal. Nothing in the record shows that appellant had the financial ability to pay any fees. Moreover, the State concedes that the proper remedy is to reform the judgment to delete the requirement that appellant pay attorney's fees.

Accordingly, the judgment is so reformed and is in all other respects affirmed.


Per Curiam


Publish.