

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00358-CR

**CLINTON STEVENSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. Fam-08-19632**

## MEMORANDUM  OPINION

The trial court found Clinton Stevenson guilty of assault on a public servant, enhanced to a second-degree felony, and assessed his punishment, enhanced by a prior felony conviction, at eight years' imprisonment.  The trial court also ordered Stevenson to pay court costs and attorney's fees.

In pronouncing the sentence, the following was said:

> THE COURT:  . . . Court having previously found the defendant guilty assesses punishment having found that the evidence substantiates this case and having found you guilty of the offense in this cause number, cause -- court assesses punishment, confinement in the Texas Department

of Criminal Justice-Institutional Division for a period of eight years, will assess no fine, only court costs and attorney's fees will be reflected on the judgment. And at this time, Mr. Stevenson, do you have any legal reason why you should not be sentenced at this time?

THE DEFENDANT: No, sir.

THE COURT: Having stated no legal reason, I sentence you to eight years in the Texas Department of Criminal Justice-Institutional Division. As stated previously, will assess no fine, only court costs and attorney fees. And the attorney's fees, [Stevenson's trial counsel], if you'll get that to the Court, then that will be reflected on the judgment.

In the written judgment, the trial court ordered Stevenson to pay "RESTITUTION IN THE AMOUNT OF $2,500.00 TO REFLECT COURT APPOINTED ATTORNEY FEES."

In his first issue, Stevenson contends that the trial court's written judgment ordering payment of restitution does not reflect the oral pronouncement of judgment and should be reformed to remove the order that restitution be paid. In his second issue, Stevenson argues that the record does not support the trial court's implicit determination that he was able to pay his court costs and therefore the order to pay attorney's fees should be reformed to remove the findings and order to pay attorney's fees from the judgment. The State concedes that there is error in the judgment.

For the purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2010); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 WL 653095, at *2 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (mem. op., not designated for publication). Furthermore, the record must reflect some factual basis to support the determination

that Stevenson was capable of paying all or some of his attorney's fees at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2010); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see also Morris v. State*, No. 10-10-00158-CR, 2010 WL 4983491, at *2 (Tex. App.—Waco Dec. 8, 2010, no pet.) (mem. op., not designated for publication).

In this case, Stevenson was found to be indigent prior to trial and was appointed trial counsel. No evidence indicating a change in his financial circumstances was proffered during the trial. Additionally, the trial court determined that Stevenson was indigent for purposes of appeal and ordered the appointment of appellate counsel. Accordingly, as the presumption of indigence remains, we hold that the evidence is insufficient to support the trial court's assessment of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 2011 WL 653095, at *2. We consequently sustain Stevenson's second issue and modify the trial court's judgment to delete the order to pay attorney's fees. *See* TEX. R. APP. P. 43.2(b). Having sustained Stevenson's second issue, we need not address his first issue.

We affirm the trial court's judgment as modified.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as modified
Opinion delivered and filed October 19, 2011

Do not publish
[CR25]