

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00284-CR

**GARY INMAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. FDWI-09-20104**

## MEMORANDUM OPINION

In one issue, appellant, Gary James Inman, complains that there is insufficient evidence to support the trial court's judgment ordering him to pay his court-appointed attorney's fees because he was determined to be indigent. We modify the judgment to delete the finding requiring Inman to pay his court-appointed attorney's fees and affirm the judgment as modified.

## I. BACKGROUND

In this case, Inman was charged by indictment with driving while intoxicated ("DWI"). *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). Because this was his third DWI offense, Inman was subject to the punishment range corresponding with third-degree felonies. *See id.* § 49.09(b)(2) (West Supp. 2011).

Shortly thereafter, Inman was determined to be indigent and was appointed an attorney to represent him.[1] On December 10, 2010, Inman executed a financial affidavit wherein he stated that he worked part-time as a professional mover and earned a gross salary of $800 per month. However, he also averred that he does not have a spouse contributing income to the household and that he does not have any assets or other sources of income, including real estate, bank accounts, personal property, or governmental assistance.[2] Apparently relying on Inman's financial affidavit, the trial court entered an "Order for Payment of Cost of Legal Services." In this order, the trial court concluded "that the Defendant was not presently able to retain counsel to represent him but that the Defendant has sufficient income, assets, and resources to defray the cost of legal services paid by Coryell County in his behalf as provided by the plan," which required Inman to pay $50 per month starting on January 28, 2010 until

---

[1] Inman executed an initial financial affidavit pertaining to his personal recognizance bond. In this affidavit, Inman noted that he earned $800 in gross salary as a day laborer; he had $62 in cash but no bank accounts or real estate; and he owned a 1978 Chevy vehicle valued at approximately $1,500.

[2] Inman's December 10, 2010 affidavit did not address either the small amount of cash or the 1978 Chevy vehicle which were referenced in his earlier financial affidavit pertaining to the personal recognizance bond. Given the limited record before us, we are unclear as to what happened to those assets.

the total sum of $1,000 was paid for legal services rendered. Nevertheless, the trial court once again determined that Inman was indigent and appointed him counsel.

After a jury trial, Inman was convicted of the charged offense and was sentenced to six years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with no fine. In the judgment, Inman was ordered to pay $509 in court costs and $2,210 in "restitution," which the judgment characterized as attorney's fees.[3] However, at the sentencing hearing, the trial court specifically noted that Inman is required to pay $2,460 in attorney's fees. This amount was reduced by $250 that Inman allegedly had already paid, leaving a total of $2,210 owed.[4] The trial court then certified Inman's right to appeal, and this appeal followed.

## II. COURT-APPOINTED ATTORNEY'S FEES

In his sole issue on appeal, Inman complains that there is insufficient evidence to support the trial court's judgment requiring him to pay his court-appointed attorney's fees because he was determined to be indigent in the trial court and on appeal and because the record does not indicate that his financial situation had changed. We agree.[5]

---

[3] We note that the assessment of attorney's fees against a criminal defendant is not characterized as restitution but rather court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see also Willis v. State*, No. 10-09-00420-CR, 2010 Tex. App. LEXIS 8255, at *2 (Tex. App.—Waco Oct. 13, 2010, no pet.) (mem. op., not designated for publication).

[4] Despite its statements during the punishment hearing, the trial court granted Inman's "Motion and Affidavit for Free Appellate Record," which was premised on a subsequent finding of indigency.

[5] The State has not filed an appellee's brief in this matter.

## A. Applicable Law

"Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Lucio v. State*, 351 S.W.3d 878, 894-95 (Tex. Crim. App. 2011).[6]

For the purpose of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 Tex. App. LEXIS 1369, at *6 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (mem. op., not designated for publication). Furthermore, the record must reflect some factual basis to support the determination that Inman was capable of paying all or some of his attorney's fees at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West. Supp. 2011); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see also Stevenson v. State*, No. 10-09-00358-CR, 2011 Tex. App. LEXIS 8302, at *3 (Tex. App.—Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication); *Willis v. State*, No. 10-09-00420-CR, 2010 Tex. App. LEXIS 8255, at *2 (Tex. App.—Waco Oct. 13, 2010,

---

[6] On appeal, Inman urges us to apply the now-extinct factual-sufficiency review of the record evidence in this criminal case. The Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), abandoned the factual-sufficiency standard in criminal cases, instructing that we need only consider the sufficiency of the evidence under the legal-sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). As such, we analyze Inman's sufficiency claims under the *Jackson* legal-sufficiency standard of review. *See Brooks*, 323 S.W.3d at 902 (concluding that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable."); *see also Harrison v. State*, No. 14-10-00254-CR, 2011 Tex. App. LEXIS 9133, at *16 (Tex. App.—Houston [14th Dist.] Nov. 17, 2011, no pet.) (mem. op., not designated for publication) (construing a factual-sufficiency challenge as a legal-sufficiency challenge).

no pet.) (mem. op., not designated for publication) ("If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court."). In instances where there is insufficient evidence to support the assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *see also Cain v. State*, No. 10-11-00045-CR, 2011 Tex. App. LEXIS 8159, at *11 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op., not designated for publication) (modifying the judgment to delete the finding ordering appellant to pay his court-appointed attorney's and investigator's fees).

However, article 26.05(g) provides that, if the trial court determines that a defendant has the financial resources that enable him to offset in whole or in part the costs of the legal services provided, the court shall order him to pay, as court costs, the amount that it finds the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Mayer*, 309 S.W.3d at 556.

**B. Discussion**

In December 2010, the trial court entered an order determining that Inman could pay all or some of the costs for the legal services provided and ordering him to pay $50 per month. Apparently, this order was premised on Inman's December 10, 2010 financial affidavit wherein he stated that he made $800 in gross monthly salary. However, despite his alleged monthly salary, the trial court determined Inman to be indigent and appointed him counsel. At the sentencing hearing, the trial court

concluded that Inman was "partially indigent" and ordered him to pay $2,460 in attorney's fees as "restitution," a characterization which, as we noted earlier, was improper.[7]

Based on our review of this record, we do not find sufficient evidence to support the trial court's requirement that Inman pay his court-appointed attorney's fee. *See Mayer*, 309 S.W.3d at 557; *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894-95. Inman's most recent financial affidavit executed approximately six months prior to trial indicated that he had no cash on hand, no bank accounts, no real estate, and no assets. While Inman's affidavit does state that he earns a gross monthly salary of $800, the State did not proffer any evidence demonstrating that Inman was earning any money from his job as a professional mover or any other job or that he had any assets on hand at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Barrera*, 291 S.W.3d at 518; *see also Stevenson*, 2011 Tex. App. LEXIS 8302, at *3; *Willis*, 2010 Tex. App. LEXIS 8255, at *2. In fact, the State did not proffer any evidence demonstrating Inman's financial situation at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Barrera*, 291 S.W.3d at 518; *see also Stevenson*, 2011 Tex. App. LEXIS 8302, at *3; *Willis*, 2010 Tex. App. LEXIS 8255, at *2.

While we recognize that the trial court stated in open court that Inman had paid $250 for legal services rendered and that Inman did not object to that characterization, the record does not contain any documentation showing that such payments were

[7] None of the documents contained in the record specifically indicate a finding that Inman was or is "partially indigent."

made by Inman. We find it telling that: (1) based on his December 10, 2010 financial affidavit, Inman was determined to be indigent; and (2) no evidence in the record indicates a material change in Inman's financial situation.[8] *See* TEX. CODE OF CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 2011 Tex. App. LEXIS 1369, at \*6. Because Inman was entitled to the presumption of indigence in light of the dearth of evidence indicating a material change in his financial situation, we conclude that the portion of the judgment ordering Inman to pay his court-appointed attorney's fees is improper. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 2011 Tex. App. LEXIS 1369, at \*6. We therefore sustain Inman's sole issue on appeal and modify the judgment to delete the finding that orders Inman to pay his court-appointed attorney's fees. *See Mayer*, 309 S.W.3d at 557; *see also Cain*, 2011 Tex. App. LEXIS 8159, at \*11.

### III.  CONCLUSION

We modify the trial court's judgment to delete the finding that orders Inman to pay his court-appointed attorney's fees. We affirm the judgment as modified.


AL SCOGGINS
Justice


---

[8] From what we can tell, no hearing was conducted to determine whether Inman's financial situation had materially changed.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as modified
Opinion delivered and filed March 14, 2012
Do not publish
[CR25]