

IN THE
TENTH COURT OF APPEALS

No. 10-12-00015-CR

VINCENT HARRIS,
                                                            Appellant
 v.

THE STATE OF TEXAS,
                                                            Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2007-862-C1

# MEMORANDUM OPINION

In one issue, appellant, Vincent Harris, argues that the evidence is insufficient to support the portion of the trial court's judgment ordering him to pay his court-appointed attorney's fees because he was determined to be indigent. We modify the trial court's judgment to reduce the court-costs finding by $400—the amount of Harris's court-appointed attorney's fees—and affirm the judgment as modified.

# I. BACKGROUND

Pursuant to a plea-bargain agreement, Harris pleaded guilty to the offense of delivery of less than one gram of cocaine in a drug-free zone, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(b), 481.134(b)(1) (West 2010 & Supp. 2011). In accordance with the plea-bargain agreement, the trial court sentenced Harris to four years' confinement in the Institutional Division of the Texas Department of Criminal Justice with a $750 fine, suspended the sentence, and placed Harris on community supervision for six years.

Because Harris failed to comply with all of the terms and conditions of his community supervision, several modifications were made. Despite the modifications, Harris continued to violate the terms and conditions of his community supervision, which prompted the State to file a motion to revoke Harris's community supervision on December 5, 2011. In its motion to revoke, the State alleged that Harris had violated his community supervision twenty-three times, including, among other things, the alleged commission of the offenses of evading arrest, resisting arrest, theft, criminal trespass, criminal mischief, interference with an emergency call, and burglary of a habitation. At the hearing on the State's motion to revoke, Harris pleaded "true" to the first eight allegations contained in the State's motion to revoke and "not true" to the remaining allegations. Harris testified at the hearing on the State's motion to revoke. At the conclusion of the evidence, the trial court found the first eight allegations in the State's motion to revoke to be true, revoked Harris's community supervision, and imposed the original four-year prison sentence. This appeal followed.

## II.     COURT-APPOINTED ATTORNEY'S FEES

In his sole issue on appeal, Harris complains that there is not sufficient evidence to support the trial court's judgment requiring him to pay his court-appointed attorney's fees because he was determined to be indigent in the trial court and on appeal and because the record does not indicate that his financial situation had changed.[1]   The State concedes that there is not sufficient evidence in the record to support the trial court's award of court-appointed attorney's fees.

## A.     Applicable Law

"Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict."  *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Lucio v. State*, 351 S.W.3d 878, 894-95 (Tex. Crim. App. 2011).

For the purpose of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 Tex. App. LEXIS 1369, at *6 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (mem. op., not designated for publication).  Furthermore, the record must reflect some factual basis to support the

---

[1] Harris's appellate counsel also mentions that his client stated in open court that he wished to appeal the revocation of his community supervision "because he does not feel revocation is justified if he 'beats' the subsequent criminal charges that serve as the grounds for allegations ten through sixteen in the motion to revoke."  Harris's counsel, however, concluded that such an appeal would be frivolous because Harris pleaded "true" to the first eight allegations contained in the State's motion to revoke, and because case law states that proof of a single violation will support a judgment revoking community supervision.  *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2011); *see also Diaz v. State*, No. 10-11-00269-CR, 2012 Tex. App. LEXIS 2029, at **2-3 (Tex. App.—Waco Mar. 14, 2012, no pet.) (mem. op., not designated for publication).  Based on the record before us, we agree with Harris's appellate counsel.

determination that Harris was capable of paying all or some of his attorney's fees at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see also Stevenson v. State*, No. 10-09-00358-CR, 2011 Tex. App. LEXIS 8302, at *3 (Tex. App.—Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication); *Willis v. State*, No. 10-09-00420-CR, 2010 Tex. App. LEXIS 8255, at *2 (Tex. App.—Waco Oct. 13, 2010, no pet.) (mem. op., not designated for publication) ("If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court."). In instances where there is insufficient evidence to support the assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *see also Cain v. State*, No. 10-11-00045-CR, 2011 Tex. App. LEXIS 8159, at *11 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op., not designated for publication) (modifying the judgment to delete the finding ordering appellant to pay his court-appointed attorney's and investigator's fees).

**B.    Discussion**

Here, Harris filed a financial affidavit indicating that he had no money or other assets, including a car or a house. The trial court concluded that Harris was indigent and appointed him trial counsel. In its judgment revoking Harris's community supervision, the trial court assessed $817 in court costs, which included $400 in court-appointed attorney's fees. The trial court subsequently found Harris indigent for

purposes of appeal and appointed him counsel for this appeal. The State did not present any evidence at the revocation hearing regarding Harris's financial circumstances. Because Harris is entitled to the presumption of indigence in light of the dearth of evidence indicating a material change in his financial situation, we conclude that the portion of the judgment ordering Harris to pay his court-appointed attorney's fees is improper. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 2011 Tex. App. LEXIS 1369, at *6. We therefore sustain Harris's sole issue on appeal and modify the judgment to delete the finding that orders Harris to pay his court-appointed attorney's fees. *See Mayer*, 309 S.W.3d at 557; *see also Cain*, 2011 Tex. App. LEXIS 8159, at *11. The effect of our decision will be to subtract $400 from the $817 in total court costs assessed against Harris, leaving $417 in court costs to remain.

### III. CONCLUSION

Based on the foregoing, we modify the trial court's judgment to reduce the court-costs finding by $400—the amount of Harris's court-appointed attorney's fees—and affirm the judgment as modified.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as modified
Opinion delivered and filed May 23, 2012
Do not publish
[CR25]