**Opinion filed June 14, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00187-CR

_____

## RUSSELL CATES, Appellant

## V.

## STATE OF TEXAS, Appellee

### On Appeal from the 19th District Court

### McLennan County, Texas

### Trial Court Cause No. 2008-1575-C1

### M E M O R A N D U M   O P I N I O N

Russell Cates appeals his conviction by a jury for the offense of unauthorized use of a motor vehicle. The jury assessed his punishment at twenty-four months in a state jail facility and a $5,000 fine. He asserts in two issues that the trial court erred by charging the jury not to consider sympathy when considering his punishment and by ordering him to pay court-appointed attorney's fees as part of court costs. We modify the judgment so as to limit Cates's obligation to pay for his court-appointed attorney's fees to those payments from his inmate trust fund as set forth in the trial court's communication with the Inmate Trust Fund of the Texas Department of Criminal Justice, and we affirm the judgment as modified.

Cates urges in Issue One that the trial court erred by charging the jury not to consider sympathy when assessing his punishment. In the charge to the jury at punishment, the trial court instructed the jury, "Do not let personal bias, prejudice, sympathy, or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case." Such a charge was not erroneous. *Wilson v. State*, 267 S.W.3d 215, 220 (Tex. App.—Waco 2008, pet. ref'd). This court has previously followed this case in our memorandum opinion in *Heslep v. State*, No. 11-09-00226-CR, 2011 WL 2175873 (Tex. App.—Eastland June 2, 2011, no pet.) (mem. op., not designated for publication). We overrule Issue One.

Cates asserts in Issue Two that the trial court erred in ordering him to pay court-appointed attorney's fees as part of court costs. Although there was no objection made at trial to the trial court's assessment of the attorney's fees as court costs, Cates contends that he may complain of the insufficiency of the evidence to support the trial court's finding without a trial court objection. An appellant need make no objection at trial to preserve his complaint that the trial court erred in ordering him to pay the costs of appointed counsel on the basis of his indigence because such a complaint presents the issue of the sufficiency of the evidence to support the trial court's order. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We therefore consider Cates's contention that the evidence is insufficient to support the trial court's order that he pay the costs of appointed counsel as costs of court.

On April 6, 2010, prior to trial, Cates requested a court-appointed attorney. Although Cates did not fill out any of the financial information of the form, the trial court's signature appears below a finding that Cates is indigent. The judge's signature bears the date of April 7, 2010. However, the record reflects a Finding on Financial Affidavit and Order Appointing Counsel, also signed by the judge on April 7, 2010, in which the trial court found that the defendant was indigent or that justice otherwise required appointment of counsel. Following trial, on June 9, 2010, Cates signed a Financial Affidavit for Court Appointment of Attorney, which showed that he was unemployed and had no income. The trial court found Cates indigent and appointed the attorney who represents Cates in this appeal. The court's judgment, signed the same day, assessed all court-appointed attorney's fees and certain other fees as costs and ordered Cates to pay them. The court, also on June 9, 2010, signed an instrument directed to the Inmate Trust Account of the Texas Department of Criminal Justice in which the trial court made a finding that Cates was unable to pay the costs "on this date" and that the funds should therefore

2

be withdrawn from his inmate trust account. The instrument provided that the amount to be withdrawn would be 20% of the first month's deposit, or the total amount due, whichever is less, and 10% of any subsequent month's deposit, or the total amount due, whichever is less. Payments would continue until the amount of costs are paid or until Cates is released from confinement.

Article 26.05(g) of the Texas Code of Criminal Procedure provides that, if the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including the expenses and costs, the court shall order the defendant to pay, if convicted, as court costs the amount that it finds the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011).

We construe the trial court's order to be that, while the defendant might lack other resources to reimburse the cost of his court-appointed attorney, he could at least make reimbursement from a small percentage of any funds he might have in his inmate trust account while incarcerated. The evidence supports the trial court's order because it is undisputed that Cates will be incarcerated for a period of time and that, if there were any funds in his inmate trust account, a small portion of the account would be available to reimburse all or a portion of the expenses of his court-appointed counsel.

Cates urges that, because the trial court found him indigent and appointed counsel to represent him, there is a presumption that he remains indigent. He insists that, for a judge to order a defendant previously determined to be indigent to repay court-appointed fees as court costs, the judge is statutorily required to determine that the defendant has financial resources that enable him to repay the fees. He urges that there is no factual basis in the record to support the trial court's determination that he can pay the fees. We find that the record supports the trial court's determination that Cates can pay at least a portion of the fees from a small percentage of any funds that might be available to him through his inmate trust account while he is incarcerated. We interpret the order to limit Cates's liability for the fees to the payment through his inmate trust fund. We agree with Cates that there is insufficient evidence to support an order that he pay the fees except for the payments from his inmate trust fund. To the extent that the trial court's judgment might order Cates to pay the full amount of the fees if any is remaining due after Cates is released, we modify the judgment to limit his liability for the fees to the

3

payments made through his inmate trust fund while he is incarcerated, as set forth in the trial court's communication to the Inmate Trust Fund of the Texas Department of Criminal Justice.

Cates relies upon the opinions of *Mayer*, 309 S.W.3d 552, and *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.). We find those cases to be distinguishable because in each case the trial court ordered the defendant to pay the full amount of the attorney's fees without there being a showing of ability to pay the fees. *Mayer*, 309 S.W.3d at 553; *Barrera*, 291 S.W.3d at 518. In *Barrera*, the court reformed that portion of the judgment ordering the defendant to pay the full amount of the fees where there was no evidence that he could do so. *Barrera*, 291 S.W.3d at 518. We have modified the judgment in this case to limit Cates's payments to those outlined in the trial court's communication with the Inmate Trust Fund of the Texas Department of Criminal Justice because there was no evidence to support his ability to pay the fees in full, except through such payments. In neither *Mayer* nor *Barrera* did the trial court make provisions for the fees to be paid limited to a small percentage of the deposits made to the defendant's inmate trust fund during the time he was to be incarcerated as a result of the conviction. We sustain Issue Two in part and overrule Issue Two in part.

The judgment is modified so as to limit Cates's liability for payment toward the attorney's fees assessed as costs to those payments made from Cates's inmate trust fund in accordance with the trial court's communication to the Inmate Trust Fund of the Texas Department of Criminal Justice, and the judgment is affirmed as modified.

PER CURIAM

June 14, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.