**MODIFY, REFORM, and AFFIRM; and Opinion Filed May 8, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00447-CR**

**JAMES ADAM TAWWATER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-86639-10**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Murphy

James Adam Tawwater was convicted of driving while intoxicated, and the trial court assessed punishment at ninety days' confinement. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). In a single point of error, Tawwater argues the trial court abused its discretion by assessing court-appointed attorney's fees against him as court costs. We modify the judgment to delete the award of attorney's fees and affirm the judgment as modified.

Before Tawwater's trial, the trial court found him to be indigent. The trial court's judgment, however, included an order "that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as court costs. The county clerk is granted leave to amend the court costs to reflect this amount without the necessity of a further order." Tawwater argues, and the State agrees, the trial court abused its discretion in assessing court-appointed attorney's fees.

Once a trial court finds a criminal defendant to be indigent, the defendant is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial resources occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). For the trial court to assess attorney's fees, it must determine the defendant has the financial resources that enable the court to offset those costs. *Id.* art. 26.05(g); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). The record also must show some factual basis to support the trial court's determination. *See Barrera v.* State, 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.).

The record contains no evidence supporting the trial court's assessment of attorney's fees against Tawwater. *See Mayer*, 309 S.W.3d at 556. When the evidence does not support the assessment of attorney's fees as court costs, the proper remedy is to modify the judgment to delete the requirement. *Id.* at 557. We therefore modify the trial court's judgment by deleting the assessment of attorney's fees against Tawwater and affirm the judgment as modified.

/Mary Murphy/
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110447F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ADAM TAWWATER, Appellant

No. 05-11-00447-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-86639-10.
Opinion delivered by Justice Murphy.
Justices Lang-Miers and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The paragraph of the judgment that states:

It is further ordered that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as court costs. The county clerk is granted leave to amend the court costs to reflect this amount without the necessity of a further order.

is **DELETED** from the judgment.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of May, 2013.

/Mary Murphy/
_____
MARY MURPHY
JUSTICE

–3–