

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00176-CR

**HAROLD ANDREW PIVONKA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 09-03777-CRF-361**

## MEMORANDUM OPINION

Appellant Harold Pivonka made an open plea of guilty to the offense of indecency with a child (sexual contact). At the sentencing hearing, the trial court sentenced him to eight years' imprisonment. Pivonka appealed. In his sole issue, Pivonka contends that the trial court erred in allowing attorney's fees and court costs to be assessed against him after the trial court had found him indigent. The State agrees with Pivonka that the judgment should be reformed by deleting the assessment of attorney fees; however, the State argues that the court costs are properly included in the

judgment.

For the purpose of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012); *see also Mayer v. State*, No. 10-10-00302-CR, 2011 WL 653095, at *2 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (mem. op., not designated for publication). Furthermore, the record must reflect some factual basis to support the determination that Pivonka was capable of paying all or some of his attorney's fees at the time of the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West. Supp. 2012); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see also Stevenson v. State*, No. 10-09-00358-CR, 2011 WL 4978316, at *1 (Tex. App.—Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication); *Willis v. State*, No. 10-09-00420-CR, 2010 WL 4008368, at *1 (Tex. App.—Waco Oct. 13, 2010, no pet.) (mem. op., not designated for publication) ("If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court."). When there is insufficient evidence to support the assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the attorney's fees. *See Mayer*, 309 S.W.3d at 557; *see also Cain v. State*, No. 10-11-00045-CR, 2011 WL 4837723, at *4 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment to delete finding ordering appellant to pay court-appointed attorney's and investigator's fees).

Article 26.05(g) provides, however, that, if the trial court determines that a

defendant has the financial resources that enable him to offset in whole or in part the costs of the legal services provided, the court shall order him to pay, as court costs, the amount that it finds the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Mayer*, 309 S.W.3d at 556.

In this case, although there is no specific order in the clerk's record showing that the trial court found Pivonka indigent, the clerk's record establishes that the trial court did appoint Pivonka trial counsel. In its judgment sentencing Pivonka to eight years' imprisonment, the trial court assessed attorney fees and court costs in the amounts of $5,812.50 and $635.00, respectively. Pivonka's court-appointed trial counsel filed a motion to withdraw but stated in the motion, "Defendant is indigent and is unable to hire an attorney for purposes of appeal. Please appoint an attorney for this purpose." The trial court granted Pivonka's trial counsel's motion to withdraw and appointed counsel for him in this appeal. Because Pivonka is entitled to the presumption of indigence in light of the lack of evidence indicating a material change in his financial situation, we conclude that the portion of the judgment ordering Pivonka to pay attorney fees is improper. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 2011 WL 653095, at *2.

A convicted defendant's indigency is not relevant, however, to the amount of court costs assessed when those court costs do not include an obligation to pay court-appointed attorney's fees under article 26.05(g) of the Code of Criminal Procedure. *See Slaven v. State*, No. 02-11-00297-CV, 2012 WL 5535603, at *4 (Tex. App.—Fort Worth Nov. 15, 2012, no pet.) (mem. op., not designated for publication); *Dissette v. State*, No.

09-11-00672-CR, 2012 WL 1249014, at *1 (Tex. App.—Beaumont Apr. 11, 2012, no pet.) (mem. op., not designated for publication). Here, the trial court separately assessed court-appointed attorney fees in the amount of $5,812.50 and thus did not include them in the $635.00 assessed as court costs. We therefore agree with the State that the court costs are properly included in the judgment.

Based on the foregoing, we sustain Pivonka's sole issue in part and overrule it in part. We modify the trial court's judgment to delete the assessment of attorney fees in the amount of $5,812.50. We affirm the judgment as modified.


REX D. DAVIS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed August 8, 2013
Do not publish
[CR25]