ACCEPTED
12-15-00212-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/12/2015 1:39:01 PM
Pam Estes
CLERK

## No. 12-15-00212-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/12/2015 1:39:01 PM
PAM ESTES
Clerk

**IN THE TWELFTH COURT OF APPEALS**
**TYLER, TEXAS**

**TONY LAMONT JONES**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 7th District Court of Smith County, Texas
Trial Cause No. 007-0812-14

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
O.W. Loyd
231 S. College Ave.
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................. ii

TABLE OF CONTENTS ......................................................................................... iii

INDEX OF AUTHORITIES ................................................................................... iv

STATEMENT OF THE CASE ................................................................................. 2

ISSUES PRESENTED ............................................................................................. 2

STATEMENT OF FACTS ....................................................................................... 2

SUMMARY OF THE ARGUMENT ........................................................................ 3

ARGUMENT ........................................................................................................... 4

**I.    THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AGAINST AN INDIGENT DEFENDANT** ........................................ 4

Applicable Law ...................................................................................................... 4

Relevant Facts ....................................................................................................... 5

Conclusion ............................................................................................................. 6

PRAYER FOR RELIEF ........................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................. 7

CERTIFICATE OF COMPLIANCE ........................................................................ 7

# INDEX OF AUTHORITIES

## TEXAS COURT OF CRIMINAL APPEALS:

*Mayer v. State*,
  309 S.W.3d 522 (Tex.Crim.App. 2010) ........................................................ 4

## TEXAS COURTS OF APPEAL:

*Barrera v. State*,
  291 S.W.3d 515 (Tex.App.—Amarillo 2009) .................................................. 5

*Williams v. State*,
  332 S.W.3d 694 (Tex.App.—Amarillo 2011) .................................................. 4

## STATUTES:

TEX. CODE CRIM. PROC. art. 26.04 .................................................................... 4

TEX. CODE CRIM. PROC. art. 26.05 .................................................................... 4

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**TONY LAMONT JONES**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 7th District Court of Smith County, Texas
Trial Cause No. 007-0812-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

Comes Now, Austin Reeve Jackson, attorney for Tony Jones, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Tony Jones seeks to appeal his conviction and sentence for the felony offense of theft. (I CR 67). After being indicted for this offense in the Seventh District Court of Smith County in 2014, Mr. Jones entered a plea of "guilty" and, by agreement, was placed on four years' deferred adjudication community supervision. (I CR 1, 41). In July of this year the trial court revoked that community supervision and sentenced Mr. Jones to serve a term of twenty-two months' confinement. (I CR 72). Sentence was pronounced on 23 July and notice of appeal then timely filed. (I CR 72, 78).

## ISSUES PRESENTED

**I. THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AGAINST AN INDIGENT DEFENDANT.**

## STATEMENT OF FACTS

After having been indicted for the felony offense of theft, Appellant, Mr. Tony Jones, entered a plea of "guilty" before the Seventh District Court of Smith County and, pursuant to a plea agreement, was placed on four years' deferred adjudication community supervision. (I CR 1, 41).

Unfortunately, in July of this year Mr. Jones found himself facing an application to revoke that community supervision. (I CR 48). Among other things, the application alleged that Ms. Loven had violated the terms of her

2

community supervision by failing to report, failing to maintain employment, failure to complete a theft intervention class, and failure to perform community service. (*Id*.). To all these allegations Mr. Jones entered pleas of "not true." (VI RR 8). However, during the hearing Mr. Jones testified and admitted the truth of all of the allegations made against him. (VI RR 27-39). Based on the evidence presented, the trial court found it to be true that Mr. Jones had violated the terms and conditions of his community supervision and the court then revoked the community supervision, adjudicated guilt, and sentenced Mr. Jones to serve a term of twenty-two months' confinement. (I CR 71). Sentence was pronounced on 23 July and notice of appeal then timely filed. (I CR 72, 78).

## SUMMARY OF ARGUMENT

In the absence of some evidence that a defendant who has previously been determined to be indigent has the resources to pay all or part of his attorney's fees, a trial court errs in imposing the same as a cost of court. Because in the instant case there was no such evidence, and because Mr. Jones had been determined to be indigent, the Court should reform the judgment by removing the charged attorney's fees.

Alternatively, where the record is not clear as to whether the attorney's fees assessed where included in full or part in the amount of court costs ordered, and, in fact, where the record is silent as to how the amount of costs ordered was derived

3

from the list of costs in the bill of costs, the Court should remand the case for new findings on that issue or the creation of a new bill of costs.

**ARGUMENT**

**I.     THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AGAINST AN INDIGENT DEFENDANT.**

Applicable Law

Article 26.05 of the Texas Code of Criminal Procedure provides that the costs of appointed counsel may be imposed against a defendant if the court finds that the defendant "has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. art. 26.05(g).   However, where the record before the court fails to establish a defendant's financial ability to offset such costs, "a trial court errs if it orders the reimbursement of court-appointed attorney's fees." *Williams v. State*, 332 S.W.3d 694, 699 (Tex.App.—Amarillo 2011, pet. denied) (*citing Mayer v. State*, 309 S.W.3d 522 (Tex.Crim.App. 2010).  Further, once a defendant has been found to be indigent, that finding continues unless evidence establishes a material change in his financial status. *Id.* (*citing* TEX. CODE CRIM. PROC. art. 26.04(p); *Mayer*, 309 S.W.3d at 557).  Where attorney's fees have erroneously been imposed the proper remedy is to reform the judgment by deleting the same. *Mayer*, 309 S.W.3d at 557.

4

Relevant Facts

After being indicted for the underlying offense Mr. Jones was determined to be indigent and granted court appointed counsel. (III RR 3-8). The same finding was made when Mr. Jones returned to court on the revocation proceeding. (I CR 64). During that proceeding the defendant stated that he had a 401k account of some sort. (VI RR 30-31). At no time though was the amount of money in that account discussed, no testimony or evidence was developed as to whether any such funds even remained, and there was no further testimony regarding any assets Mr. Jones may own. (VI RR *gen*.). The trial court did indicate that it questioned whether Mr. Jones, based on the statement regarding the 401k, would be entitled to appointed counsel on appeal. (VI RR 48). A continued finding of indigence and the appointment of appellate counsel, however, resolved that issue. (I CR 75).

When imposing punishment the trial court ordered payment of costs of court. (I CR 69). A Bill of Costs supporting those costs was prepared and reflects that $300 of the court costs is for attorney fees. (I CR 73). However, the record does not contain any information that would indicate that the original finding of indigence had changed or that Mr. Jones had the ability to pay any or all of the costs for his appointed counsel. (I CR *gen*.; VI RR *gen*.) Because no such evidence exists the trial court erred in imposing attorney's fees against Mr. Jones. *Barrera v. Sate*, 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.).

Alternatively, because the record is not clear as to how the amount ordered as costs was calculated, it is prayed that the Court remand the case for clarification as to the basis, if any, for the costs ordered. Specifically, The court costs ordered paid in the court's written judgment and withholding order was for an amount of $289.00. (I CR 67, 69). Although this amount is less than the $300 ordered in attorney's fees, the record is unclear as to whether that $289 amount includes any part of the attorney's fees or how that amount was otherwise calculated. (*Id*.). In order to ensure that the costs ordered do not include any legally impermissible costs, and to ensure that Smith County will not wrongfully seek to collect attorney's fees against Mr. Jones in the future, the Court should remand the case for further clarification or order the trial court to submit a new bill of costs showing the source or sources that form the basis for the $289 ordered.

Conclusion

Given that the record establishes that Mr. Jones was indigent at the time of trial, and because the record does not establish any support for the conclusion that that status changed, the Court should reform the trial court's judgment as to the assessment of attorney's fees by deleting the $300 in attorney's fees ordered or, alternatively, remand the case for supplemental findings or a supplemental bill of costs detailing those fees on which the trial court relied in calculating the amount ordered.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, it is respectfully prayed that the Court reform the written judgment to omit attorney's fees.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile / facsimile concurrently with its filing in the Court.

/s/Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,355 words.

/s/ Austin Reeve Jackson