ACCEPTED
12-15-00247-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/19/2015 11:02:42 AM
Pam Estes
CLERK

## No. 12-15-00247-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/19/2015 11:02:42 AM
PAM ESTES
Clerk

### IN THE TWELFTH COURT OF APPEALS
### TYLER, TEXAS

## CARLOS DEHENRI COOK

## Appellant,

## v.

## THE STATE OF TEXAS

## Appellee

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-1536-13

## ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
305 S. Broadway, Suite 700
Tyler, TX 75702

Trial Counsel:
O.W. Loyd
231 S. College Ave.
Tyler, TX 75702

John Jarvis
326 S. Fannin
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................................... ii

TABLE OF CONTENTS ..................................................................................................... iii

INDEX OF AUTHORITIES ................................................................................................ iv

STATEMENT OF THE CASE ..............................................................................................2

ISSUES PRESENTED ..........................................................................................................2

STATEMENT OF FACTS.....................................................................................................2

SUMMARY OF THE ARGUMENT .....................................................................................3

ARGUMENT ........................................................................................................................4

**I.     THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AGAINST AN INDIGENT DEFENDANT**.........................................4

Applicable Law .................................................................................................4

Relevant Facts ..................................................................................................5

Conclusion.........................................................................................................6

PRAYER FOR RELIEF .......................................................................................................7

CERTIFICATE OF SERVICE..............................................................................................7

CERTIFICATE OF COMPLIANCE .....................................................................................7

# INDEX OF AUTHORITIES

## TEXAS COURT OF CRIMINAL APPEALS:

*Mayer v. State*,
   309 S.W.3d 522 (Tex.Crim.App. 2010) ........................................................ 4

## TEXAS COURTS OF APPEAL:

*Barrera v. State*,
   291 S.W.3d 515 (Tex.App.—Amarillo 2009) .................................................. 5

*Williams v. State*,
   332 S.W.3d 694 (Tex.App.—Amarillo 2011) .................................................. 4

## STATUTES:

TEX. CODE CRIM. PROC. art. 26.04 ...................................................................... 4

TEX. CODE CRIM. PROC. art. 26.05 ...................................................................... 4

**No. 12-15-00247-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**CARLOS DEHENRI COOK**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-1536-13

**TO THE HONORABLE JUSTICES OF THE COURT:**

Comes Now, Austin Reeve Jackson, attorney for Carlos Cook, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Carlos Cook seeks to appeal his conviction and sentence for the felony offense of Tampering with Evidence. (I CR 74). This judgment was rendered against him in the Seventh District Court of Smith County in September of this year. (*Id.*). After initially being placed on probation following his plea of "guilty" to the offense, on 22 September, the trial court revoked Mr. Cook's community supervision and imposed punishment at five years' confinement. (*Id.*). Notice of appeal was then timely filed. (I CR 72).

## ISSUES PRESENTED

**I. THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AGAINST AN INDIGENT DEFENDANT.**

## STATEMENT OF FACTS

After having been indicted for the felony offense of tampering with evidence, Appellant, Mr. Carolos Cook, entered a plea of "guilty" before the Seventh District Court of Smith County and, pursuant to a plea agreement, was sentenced to serve ten years' confinement probated for four years. (I CR 1, 44).

Unfortunately, in September of this year Mr. Cook found himself facing an application to revoke that community supervision. (I CR 48). To all the allegations made against him, Mr. Cook entered pleas of "true." (I CR 70). Based on his plea the trial court found it to be true that Mr. Cook had violated the terms and

2

conditions of his community supervision and the court then revoked the community supervision and sentenced Mr. Cook to serve a term of five years confinement. (I CR 74). Sentence was pronounced on 22 September and notice of appeal then timely filed. (I CR 72, 74).

## SUMMARY OF ARGUMENT

In the absence of some evidence that a defendant who has previously been determined to be indigent has the resources to pay all or part of his attorney's fees, a trial court errs in imposing the same as a cost of court. Because in the instant case there was no such evidence, and because Mr. Cook had been determined to be indigent, the Court should reform the judgment by removing the charged attorney's fees.

Alternatively, where the record is not clear as to whether the attorney's fees assessed where included in full or part in the amount of court costs ordered, and, in fact, where the record is silent as to how the amount of costs ordered was derived from the list of costs in the bill of costs, the Court should remand the case for new findings on that issue or the creation of a new bill of costs.

## ARGUMENT

**I.   THE TRIAL COURT ERRED IN ASSESSING ATTORNEY'S FEES AGAINST AN INDIGENT DEFENDANT.**

Applicable Law

Article 26.05 of the Texas Code of Criminal Procedure provides that the costs of appointed counsel may be imposed against a defendant if the court finds that the defendant "has financial resources that enable him to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. art. 26.05(g).   However, where the record before the court fails to establish a defendant's financial ability to offset such costs, "a trial court errs if it orders the reimbursement of court-appointed attorney's fees." *Williams v. State*, 332 S.W.3d 694, 699 (Tex.App.—Amarillo 2011, pet. denied) (*citing Mayer v. State*, 309 S.W.3d 522 (Tex.Crim.App. 2010).   Further, once a defendant has been found to be indigent, that finding continues unless evidence establishes a material change in his financial status.  *Id.*  (*citing* TEX. CODE CRIM. PROC. art. 26.04(p); *Mayer*, 309 S.W.3d at 557).   Where attorney's fees have erroneously been imposed the proper remedy is to reform the judgment by deleting the same.  *Mayer*, 309 S.W.3d at 557.

4

Relevant Facts

After being indicted for the underlying offense Mr. Cook was determined to be indigent and granted court appointed counsel. (I CR 14). The same finding was made when Mr. Jones returned to court on the revocation proceeding. (I CR 56). Finally, that finding of indigence continued for purposes of appeal. (I CR 79).

When imposing punishment the trial court ordered payment of costs of court. (I CR 74). A Bill of Costs supporting those costs was prepared and reflects that $300 of the court costs is for attorney fees. (I CR 83). However, the record does not contain any information that would indicate that the original finding of indigence had changed or that Mr. Cook had the ability to pay any or all of the costs for his appointed counsel. (I CR *gen*.; IV RR *gen*.) Because no such evidence exists the trial court erred in imposing attorney's fees against Mr. Cook. *Barrera v. Sate*, 291 S.W.3d 515, 518 (Tex.App.—Amarillo 2009, no pet.).

Alternatively, because the record is not clear as to how the amount ordered as costs was calculated, it is prayed that the Court remand the case for clarification as to the basis, if any, for the costs ordered. Specifically, The court costs ordered paid in the court's written judgment and withholding order was for an amount of $289.00. (I CR 74, 75). Although this amount is less than the $300 ordered in attorney's fees, the record is unclear as to whether that $289 amount includes any part of the attorney's fees or how that amount was otherwise calculated. (*Id*.). In

5

order to ensure that the costs ordered do not include any legally impermissible costs, and to ensure that Smith County will not wrongfully seek to collect attorney's fees against Mr. Cook in the future, the Court should remand the case for further clarification or order the trial court to submit a new bill of costs showing the source or sources that form the basis for the $289 ordered.

Conclusion

Given that the record establishes that Mr. Cook was indigent at the time of trial, and because the record does not establish any support for the conclusion that that status changed, the Court should reform the trial court's judgment as to the assessment of attorney's fees by deleting the $300 in attorney's fees ordered or, alternatively, remand the case for supplemental findings or a supplemental bill of costs detailing those fees on which the trial court relied in calculating the amount ordered.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, it is respectfully prayed that the Court reform the written judgment to omit attorney's fees.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
305 S. Broadway, Suite 700
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile / facsimile concurrently with its filing in the Court.

/s/Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,184 words.

/s/ Austin Reeve Jackson