**Opinion filed September 6, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00183-CR

_____

## KERVIN ROBERTS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 19th District Court**

**McLennan County, Texas**

**Trial Court Cause No. 2010-214-C1**

## M E M O R A N D U M   O P I N I O N

The opinion and judgment issued July 19, 2012, are withdrawn, and this court's opinion and judgment dated September 6, 2012, are substituted therefor. Appellant's motion for rehearing, with which the State has agreed, is granted.

Kervin Roberts appeals his conviction by a jury of the offense of robbery. After finding an enhancement paragraph true, the jury assessed his punishment at sixty years in the Texas Department of Criminal Justice, Institutional Division. He contends in two issues that the trial court erred by ordering him to pay court costs, including the fees of his court-appointed attorney,

and that the trial court denied him equal protection of the law by failing to order the State to turn over to him the criminal history of the jury panel members. We modify and affirm.

Roberts urges in Issue One that the trial court erred by ordering him to pay all of the costs of court, including the fees for his court-appointed counsel, even though the court found him to be indigent. He asserts that the evidence is insufficient to support the trial court's order for him to pay the court costs, which included the cost of his court-appointed investigator and his court-appointed attorney. The State concedes that the evidence fails to support the trial court's order and that the "proper remedy is to reform the judgment to delete the court-appointed attorney's and investigator's fees." *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); *Stevenson v. State*, No. 10-09-00358-CR, 2011 WL 4978316 (Tex. App.—Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication); *Morris v. State*, No. 10-10-00158-CR, 2010 WL 4983491 (Tex. App.—Waco Dec. 8, 2010, no pet.) (mem. op., not designated for publication); *Barrera v. State*, 291 S.W.3d 515 (Tex. App.—Amarillo 2009, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). We agree and sustain Issue One.

Roberts urges in Issue Two that the trial court denied him equal protection of the law by failing to order the State to turn over the criminal history of the jury panel members. In his discussion of the issue, he also appears to contend that the State's failure to provide him with the information is a violation of his rights to due process. The State was able to obtain the criminal history of the prospective jury panel. Roberts, who was indigent, requested that he have access to the information acquired by the State. The trial court denied Roberts access to the information obtained by the State, requiring only that the State disclose which jurors, if any, were legally disqualified.

As we have noted, Roberts appears to contend on appeal that the denial of his motion to obtain the information constitutes a violation of his rights under the Equal Protection Clause or the Due Process Clause of the United States Constitution, or both. As a prerequisite to presenting a claim for appellate review, Roberts must show that his request stated the grounds for the ruling that he sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a).

The Texas Court of Criminal Appeals has held that the State has no obligation to make information in its possession with respect to prospective jurors available to the defense. *Armstrong v. State*, 897 S.W.2d 361, 365 (Tex. Crim. App. 1995); *Martin v. State*, 577 S.W.2d

490, 491 (Tex. Crim. App. 1979). Roberts's request for the jury information possessed by the State did not make the trial court aware that he was basing his request on the Equal Protection Clause or the Due Process Clause of the United States Constitution, or both. Given the fact that the Texas Court of Criminal Appeals has held that such information is not discoverable, a mere request for the information without putting the trial court on notice that the request is based upon a denial of the defendant's rights under the Equal Protection Clause or the Due Process Clause of the United States Constitution, or both, does not state the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. We do not find the grounds to be apparent from the context.

In urging that he has preserved this error, Roberts relies on the opinions in the cases of *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992), and *Lewis v. State*, 191 S.W.3d 335, 338 (Tex. App.—Waco 2006, pet. ref'd). We find both cases distinguishable because neither involves an appellate complaint of a violation of equal protection or due process in the trial court's denial of a discovery motion where the defendant did not make the trial court aware that the basis for the discovery was the Equal Protection Clause or the Due Process Clause of the United States Constitution, or both. We overrule Issue Two.

We modify the judgment of the trial court to delete the order that Roberts pay the cost of his court-appointed investigator and the cost of his court-appointed attorney, which were included in the judgment as court costs. As modified, the judgment of the trial court is affirmed.

PER CURIAM

September 6, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.