

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 7-13-00105-CR
_____

ALLEN GRAVES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 11,634; Honorable Dan Mike Bird, Presiding

June 13, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In May 2012, following an open plea of guilty to the offense of assault against a family member by occlusion,[1] Appellant, Allen Graves, Jr., entered into a plea bargain whereby he was sentenced by the trial court to seven years confinement, suspended for five years, and assessed a $1,000 fine. The trial court issued its *Judgment of*

_____

[1] *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2013). As alleged in the indictment of this cause, the offense was a second degree felony. *Id.* at § 22.01(b-1)(3) (West Supp. 2013).

*Conviction* incorporating by reference the conditions of his community supervision which, among other things, required that Appellant not commit any offense against the laws of this State or any other State of the United States (Condition No. 3) and pay his fine, court costs and monthly probation service fee (Condition No. 6).

In March 2013, the State filed its *Motion to Revoke Probation* alleging Appellant committed five new criminal offenses and failed to pay his fine, court costs and monthly probation service fee. At the hearing on the State's motion, the State proceeded on only two violations of Condition No. 3 and the violation of Condition No. 6. The two violations of Condition No. 3 the State proceeded on alleged Appellant: (1) assaulted a prior girlfriend and (2) committed the offense of criminal mischief by damaging a pair of window screens. Appellant plead "not true" to the violations of Condition No. 3 and "true" to the violation of Condition No. 6.[2] At the conclusion of that hearing, the trial court found Appellant violated the terms of community supervision,[3] revoked the prior order suspending imposition of sentence, and imposed the original sentence of seven years confinement. The trial court also ordered Appellant to pay his court-appointed attorney's fees of $400. On appeal, Appellant asserts (1) there was insufficient evidence of an assault to require revocation and (2) the trial court erred in revoking his community supervision for non-payment because the uncontroverted facts established he had an inability to pay. We modify the trial court's judgment to delete the order that Appellant pay $400 in court-appointed attorney's fees and affirm as modified.

---

[2] Notwithstanding his plea of true to the violation of Condition No. 6, Appellant did contest his financial ability to pay his fine, court costs and supervision fees.

[3] The trial court found the allegations of the assault and the non-payment to be true; however, the court found the allegations of criminal mischief to be not true.

**STANDARD OF REVIEW**

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). In an adjudication hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms of community supervision. *Id.* at 763-64; *Antwine v. State,* 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling, *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979), while recognizing that "[t]he trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony." *Antwine* 268 S.W.3d at 636. Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). When the standard of review is abuse of discretion, the record must simply contain some credible evidence to support the trial court's decision. *Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). Finally, we note that a single violation of community supervision is sufficient to support revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West 2012). *See*

*Antwine,* 268 S.W.3d at 636 (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

## ANALYSIS

ISSUE ONE

At the revocation hearing, Emily Taylor testified she was Appellant's former girlfriend. She testified they lived together for a time and had a child. She further testified that on December 24, 2012, Appellant came to her house in violation of a court order, struck her in the face and pushed her against a pickup truck. Immediately thereafter, her face swelled red in color, and her back hurt. Jason Vandergriff, Chief of Police of the City of Chillicothe, corroborated Taylor's account of her injuries with photographs taken shortly after the incident and opined that the knot of swelling on her back was consistent with some type of blunt force trauma. Appellant testified the event never took place.

Appellant's account of events on December 24, 2012, clearly conflicts with the testimony of Taylor and Vandergriff. However, the trial court is the sole judge of the credibility of their testimony and judging from the revocation order, chose to believe Taylor and Vandergriff over Appellant. *See Antwine*, 268 S.W.3d at 636. Viewing the evidence in the light most favorable to the trial court's ruling, we cannot say the trial court abused its discretion in finding Appellant violated Condition No. 3 of the terms and conditions of his community supervision. Appellant's first issue is overruled, and his second issue is pretermitted. TEX. R. APP. P. 47.3.

4

We also note an issue not raised by Appellant regarding the assessment of $400 in court-appointed attorney fees in the trial court's *Judgment Revoking Community Supervision,* i.e., "Court Costs - $354.00 PLUS LEGAL FEES." An attached form filed by Appellant's court-appointed attorney at the revocation hearing shows a claim for $400 in fees. In order to assess attorney's fees, the trial court must first determine that the defendant has financial resources that enable him to offset in part or in whole the cost of legal fees provided, TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST SUPP. 2012), and the record must reflect some factual basis to support the determination that the defendant is capable of paying attorney's fees. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (*per curiam*); *Perez v. State*, 280 S.W.3d 886, 887 (Tex. App.—Amarillo 2009, no pet.).

The judgment requires Appellant pay court costs and attorney's fees. The clerk's record and hearing transcript reflect, however, the trial court found Appellant indigent and unable to afford the cost of legal representation in the trial court proceedings and on appeal. It does not appear the trial court made a determination Appellant had financial resources enabling him to pay all or any part of the fees paid his court-appointed counsel, and we are unable to see any evidence to support such a determination. Accordingly, we conclude the order to pay attorney's fees was improper because the evidence was legally insufficient to support a finding Appellant had the financial resources to pay attorney's fees. *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010). Accordingly, we modify the judgment to delete the requirement

that Appellant pay court-appointed attorney's fees. *See Wolfe v. State,* 377 S.W.3d 141, 146 (Tex. App.—Amarillo 2012, no pet.).

## CONCLUSION

We modify the trial court's judgment to delete the order to pay court-appointed attorney's fees and affirm the judgment as modified.

Patrick A. Pirtle
Justice

Do not publish.