ACCEPTED
14-14-01025-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/20/2015 3:02:08 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-01025-CR
14-14-01026-CR
14-14-01027-CR

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

4/20/2015 3:02:08 PM

CHRISTOPHER A. PRINE
Clerk

CARLOS GALLEGOS-PIEDRA,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee

ON APPEAL FROM CAUSE NO. 73552, 73600, 74807
412TH DISTRICT COURT, BRAZORIA COUNTY, TEXAS
HONORABLE W. EDWIN DENMAN JUDGE PRESIDING

BRIEF FOR THE APPELLANT

Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

ATTORNEY FOR APPELLANT          ORAL ARGUMENT NOT REQUESTED
DATE:  April 20, 2015

No. 14-14-01025-CR
14-14-01026-CR
14-14-01027-CR

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT
HOUSTON, TEXAS


CARLOS GALLEGOS-PIEDRA,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee


BRIEF FOR THE APPELLANT


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

CARLOS GALLEGOS-PIEDRA, the Defendant in Cause 73552, 73600, 74807 in the

412th DISTRICT COURT, Brazoria County, Texas, respectfully submits this brief, and

would respectfully show the Court the following:

# TABLE OF CONTENTS

Parties to the Case………………………………………………………..…iii

List of Authorities……………………………………………………………v

Statement of the Case…………………………………………………………vi

Statement Regarding Oral Argument…………………………..……....vii

Issues Presented…………………………………………………...vii

Summary of the Argument……………………………………….……1

Statement of Facts…………………………………………………..2

Appellant's Point of Error……………………………………….9

*The evidence is insufficient to support the trial court's order that Appellant reimburse Brazoria County Collections Department for the payment of counsel appointed on account of Appellant's indigence.*

Standard of Review……………………………………………….9

Relevant Facts……………………………………………..…..10

Analysis………………………………………………..…..10

Conclusion and Prayer……………………………………………..12

Certificate of Service………………………………………............13

Certificate of Word Count………………………………..…..…13

## PARTIES TO THE CASE

APPELLANT:          CARLOS GALLEGOS-PIEDRA

Attorney for Appellant at Trial:

       Name:      Luis Ledesma
       SBN:       12108750
       Address:   P.O Box 204
                 West Columbia, Texas 77486

Attorney for Appellant on Appeal:

       Name:      Joseph Kyle Verret
       SBN:       24042932
       Address:   The Law Office of Kyle Verret, PLLC
                 1200 Broadway, Suite 2743
                 Pearland, Texas 77584
       Phone:     281-764-7071
       Fax:        281-764-7071
       Email:     kyle@verretlaw.com

APPELLEE:          THE STATE OF TEXAS

Attorney's for the State at Trial:

       Name:      Chase Clayton
       SBN:       24072040
       Address:   111 East Locus, Suite 408A
                 Angleton, Texas 77515

       Name:      Robyn Griffith
       SBN:       24012738
       Address:   111 East Locus, Suite 408A
                 Angleton, Texas 77515

Attorney for the State on Appeal:

       Name:      Jeri Yenne
       SBN:       04240950
       Name:      David Bosserman
       SBN:       02679520
       Address:   Brazoria County Criminal District Attorney
                 111 East Locust Street, Suite 408A

Angleton, Texas 77515
Phone:          979-864-1230
Fax:            979-864-1525

## LIST OF AUTHORITIES

<u>Statutes</u>

Tex. Code Crim. Proc. Ann. Art. 26.04(Lexis current through 2013 3d C.S.).

Tex. Code Crim. Proc. Ann. Art. 26.05(Lexis current through 2013 3d C.S.).

## **Appellate Precedent**

*Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App. --Amarillo 2009, no pet.)

*Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2013).

## STATEMENT OF THE CASE

On June 19, 2014, Appellant was indicted for the offense of Driving While Intoxicated Third or More. (73552 C.R. at 5). On July 8, 2014, Appellant was indicted for the offense of Possession of a Controlled Substance Penalty Group One, less than one gram. (73600 C.R. at 5). On November 20, 2014, Appellant was indicted for the offense of Bribery (74807 C.R. at 5).

Appellant filed a motion to consolidate all three cause numbers on October 24, 2014. (73552 C.R. at 13; 73600 at 15).

A consolidated jury trial on all three causes numbers was held on December 1, 2014. (2 R.R. at 4, 8). Appellant entered a plea of not guilty to the allegation of Driving While Intoxicated, Third or More, Bribery, and Possession of a Controlled Substance Penalty Group One (2 R.R. at 11-13). The jury found Appellant guilty of Driving While Intoxicated Third or More, Bribery, and Possession of a Controlled Substance, as indicted. (73552 C.R. at 49, 73600 C.R. at 40, 74807 C.R. at 31).

The jury assessed punishment in case numbers 73552 and 74807. Appellant was sentenced to 10 years confinement in the penitentiary for Driving While Intoxicated Third or More. Appellant was sentenced to 15 years confinement in the penitentiary for Bribery. (74807 C.R. at 39). The State and Appellant agreed to punishment in Cause 73600. (5 R.R. 32-35, 7 R.R. at 10-11).

Notice of appeal was filed in all three causes on December 17, 2014. (73552 C.R. at 67, 73600 C.R. at 53, 74807 C.R. at 49).

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

# ISSUES PRESENTED

**Appellants First Point of Error:**

The evidence is insufficient to support the trial court's order that Appellant reimburse Brazoria County Collections Department for the payment of counsel appointed on account of Appellant's indigence.

## SUMMARY OF THE ARGUMENT

The evidence is legally insufficient to support the trial court's order that Appellant reimburse Brazoria County for the payment of Appellant's court appointed counsel. Appellant was indigent and was appointed counsel to represent him at trial and on appeal. There is no evidence in the record to support the trial court's order that Appellant repay court appointed attorney's fees.

## STATEMENT OF FACTS

**Testimony of Trooper Natee Wong**

On April 12, 2014, Trooper Natee Wong was working patrol in Alvin, Brazoria County, Texas. (3 R.R. at 45, 59). At around 3 a.m., Trooper Wong was driving through Alvin when he observed a Dodge pickup driving under the speed limit. (3 R.R. at 46). Trooper Wong turned his car around to follow the pickup. (3 R.R. at 47). Wong testified that driving a vehicle driving at a low speed without an apparent reason might be a sign of an intoxicated driver. (3 R.R. at 47). Wong testified that the pickup swerved within its own lane. (4 R.R. at 48). As Wong was following the pickup, he saw its left turn signal activate where there was nowhere on the road to turn left. (3 R.R. at 48-49). The pickup then drove on the improved shoulder on the right side of the road. (3 R.R. at 49). The then traveled from the shoulder to the left-hand turn lane and stopped. (3 R.R. at 50). Trooper Wong turned on his overhead lights and Appellant stepped out of the driver's seat of the vehicle. (3 R.R. at 53).

Trooper Wong motioned for Appellant to come towards him so that they could stand off out of the way of traffic. (3 R.R. at 55). When Wong and Appellant started talking, Wong noticed Appellant to have a strong odor of alcoholic beverage, red glassy eyes, and dilated pupils. (3 R.R. at 55, 60). Wong testified that Appellant had a gazing stare "off into space." (3 R.R. at 55-56). He testified that Appellant seemed relaxed and carless. (3 R.R. at 56).

Trooper Wong told Appellant to stay where he was and went to check on the passengers in the pickup. (3 R.R. at 57). Wong saw several open containers in the pickup. (3 R.R. at 57). Based on his observation of the passengers in the vehicle, red glassy eyes, strong odor of alcoholic beverages and open containers, Wong believed the passengers to be intoxicated. (3 R.R. at 58).

Wong attempted to perform field sobriety tests on Appellant. (3 R.R. at 61). As Wong was attempting to administer the horizontal gaze nystagmus test, he noted Appellant was swaying. (3 R.R. at 62-63). Wong stopped administering the tests because of a language barrier: Appellant spoke Spanish and Wong did not speak Spanish. (3 R.R. at 63). Wong testified that even though he was not able to administer the field sobriety tests, he believed, based on the totality of the circumstances, that Appellant had lost the normal use of his mental and physical faculties. (3 R.R. at 63-67).

After deciding to arrest Appellant, Wong performed a search incident to arrest of Appellant's person and found a plastic baggy with a white powdery substance from Appellant's pocket. (3 R.R. at 76-77). Based on his training and experience, Wong testified that he believed it was a usable amount of cocaine. (3 R.R. at 78). Wong testified that he packaged the baggy of the white substance and secured it in his trunk. (3 R.R. at 79). Wong testified that he submitted the substance to the Brazoria County Crime Lab on April 16 under lab number BCCL-14-0723. (3 R.R. at 79-83,88).

3

Wong testified that though he had not received training as a drug recognition expert at the time of Appellant's arrest, he had since then. (3 R.R. at 42, 89-90). Wong testified that Appellant having dilated pupils on the night of his arrest was consistent with cocaine Appellant's use of cocaine. (3 R.R. at 90).

Trooper Wong testified that after he makes an arrest for driving while intoxicated he usually reads the arrested person a DIC 24. (3 R.R. at 94). This form informs the arrested person of their right to refuse a blood or breath test and the consequence of refusal. (3 R.R. at 94). Wong showed Appellant an electronic copy of the DIC 24 in Spanish for Appellant to read and played an audio recording of the DIC 24 being read in Spanish. (3 R.R. at 95-97; 9 R.R. Exhibit 9). The audio requested a specimen of blood. (3 R.R at 97).

Wong testified that Appellant never refused to provide a specimen. (3 R.R. at 98). Wong testified that he did not ask Appellant whether he would provide a specimen of blood. (3 R.R. at 99). Wong took Appellant to the hospital. (3 R.R. at 99). They walked inside, sat down and waited for the person who would draw blood. (3 R.R. at 99). Wong took the handcuffs off Appellant and told him to relax. (3 R.R at 99). When the nurse arrived, Appellant held out his arm. (3 R.R. at 101-102). Wong testified Appellant never asked any questions, did not fight, refuse, indicate he was in pain, pull back his arm, or do anything else suggesting that he did not consent to the blood draw. (3 R.R. at 100-102).

4

Wong testified that Appellant's blood was drawn by a hospital employee named Nancy Lopez. (3 R.R. at 109). Wong provided the vials for the blood draw. (3 R.R. at 108). He witnesses the blood draw. (3 R.R. at 109-110). After the blood draw, he flipped the test tubes back and forth, per procedure. (3 R.R. at 110). He then sealed the vials into their box and marked them. (3 R.R. at 111). He secured the blood in the trunk, then at some time he moved it to a locked refrigerator in his office. (3 R.R. at 112-113). He submitted the blood with the cocaine on April 16. (3 R.R. at 113).

Wong testified that while he was in his car with Appellant, Appellant offered to pay Wong money. Appellant told Wong he would give him some money, 200 or 300, to let Appellant go home. (3 R.R. at 121, 160; 9 R.R. Exhibit 11). Wong testified that he is a peace officer commissioned by the Department of Public Safety. (4 R.R. at 5). When Appellant offered to pay him money, Wong was not a political figure, that he was not being offered a political contribution, or being offered an expenditure made in accordance with the Texas Government Code. (5 R.R. at 5).

**Testimony of Nancy Lopez**

Nancy Lopez a phlebotomist employed at Angleton Danbury Hospital at the time of Appellant's arrest was called to testify by the State. (3 R.R. at 165-166). She drew Appellant's blood. (3 R.R. at 168). She testified that she speaks both English and Spanish. (3 R.R. at 168). She testified that Appellant did not fight her or give her any indication that he did not want his blood drawn. (3 R.R. at 168, 172). She testified that the blood draw occurred in a sterile room: the triage room of the hospital.

5

(3 R.R. at 169).  She used either iodine or betadine to clean Appellant's arm before the blood draw.  (3 R.R. at 173).  She indicated that her name along with 4/12 at 4:02 a.m. was written on the vials in evidence.  (3 R.R. at 170-171).

**Testimony of Marcy Farley**

Marcy Farley, an AFIS latent print examiner, employed by the Brazoria County Sheriff's Department, testified at trial.  (3 R.R. at 175).  She took Appellant's prints the morning of her testimony.  (3 R.R. at 178).  She compared those prints to the fingerprints on State's Exhibits 13, 14, and 15.  (3 R.R. at 179).  She testified that the prints she took from Appellant matched those on State's Exhibits 13, 14, and 15.  (3 R.R. at 180).  State's Exhibits 13, 14, and 15, records of prior convictions for Driving While Intoxicated offenses styled State of Texas v. Carlos Gallegos, were admitted without objection.  (3 R.R. at 180; 9 R.R. Exhibits 13, 14, and 15).

**Testimony of Paul Van Dorn**

Paul Van Dorn, lead chemist of the Brazoria County Crime Lab was called to testify by the State.  (3 R.R. at 184). He testified that the Brazoria County Crime Lab is accredited by the American Society of Crime Laboratory Directors Laboratory Accreditation Board and Texas Department of Public Safety.  (3 R.R. at 186, 205).

Mr. Van Dorn testified that he performed a presumptive microcrystalline test and a KOH odor test on the off-white powder substance submitted to the lab under number BCCL-14-0723. (3 R.R. at 194-195).  Both tests indicated that the substance was cocaine, so Mr. Van Dorn proceeded to conduct a gas chromatograph mass

6

spectroscopy on a gaseous extract of the substance. (3 R.R. at 195). This test also indicated that the substance was cocaine. (3 R.R. at 196). Mr. Van Dorn testified that it weighed 0.0248 grams. (3 R.R. at 198).

Mr. Van Dorn testified that his records showed that the lab received the box of Appellant's blood on April 16, 2014. (3 R.R. at 202). His records reflect that the blood was stored in the crime lab's "bio C fridge" where evidence is stored prior to testing. (3 R.R. at 202). Mr. Van Dorn tested Appellant's blood for the presence of alcohol by way of a Head Space FID analysis. (3 R.R. at 205). Mr. Van Dorn testified that the test indicated that Appellant's blood had .209 grams ethanol per 100 milliliters of blood. (3 R.R. at 211). Mr. Van Dorn testified that Appellant was more than twice the legal limit of intoxication. (3 R.R. at 211).

**Testimony of Appellant at Punishment**

Appellant, Carlos Gallegos, testified during the punishment phase of trial. (5 R.R. at 6). He testified that he lived around Houston and had family in Rosharon. (5 R.R. at 6-7). He testified that he worked in construction and as a welder. (5 R.R. at 7). He testified that he had never before been convicted of a felony. (5 R.R. at 7-8).

He testified that he had been on probation before and had his probation revoked because he did not go to the Alcoholics Anonymous classes. (5 R.R. at 10). He testified that he understood that if he were granted probation, that he would have to comply with intensive counseling conditions and possibly inpatient treatment. (5 R.R.

7

at 11-12).  Understanding this, he asked the jury to sentence him to probation.  (5 R.R. at 12).

He testified that he did not agree with the jury's verdict regarding the bribery charge.  (5 R.R. at 12-13).  He testified that he had the cocaine because a person that he did not know in the parking lot of a gas station gave it to him.  (5 R.R. at 13).

Appellant testified that he had been at a bar in Alvin the night of his arrest.  (5 R.R. at 16).  He testified that he had two or three beers at the bar. (5 R.R. at 17).  Prior to arriving at the bar, he had some beer.  (5 R.R. at 18-19).

*The evidence is insufficient to support the trial court's order that Appellant reimburse Brazoria County Collections Department for the payment of counsel appointed on account of Appellant's indigence.*

Standard of Review and Applicable Law

An appellate court reviewing an order to repay court appointed attorney's fees reviews the record to determine whether there is sufficient evidence to support the order. *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2013). Evidentiary sufficiency "is measured by viewing all of the record evidence in the light most favorable to the verdict." *Id.* at 557. Ordinarily, sufficiency of the evidence may be raised for the first time on appeal, without an objection at the trial court level. *Mayer*, 309 S.W.3d at 556.

A trial court's authority to order that defendant repays attorney's fees as court costs after a conviction stems from Tex. Code Crim. Proc. Ann. Art. 26.05(Lexis current through 2013 3d C.S.). Once a defendant has been found to be indigent, the defendant is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial status occurs." Tex. Code Crim. Proc. Ann. Art. 26.04(p)(Lexis current through 2013 3d C.S.). The trial court may only order that a defendant repay his court appointed attorney's fees,

> [i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount

that it finds the defendant is able to pay.
Tex. Code Crim. Proc. Ann. Art. 26.05(g)(Lexis current through 2013 3d C.S.).

**Relevant Facts**

Appellant was appointed trial counsel on December April 22, 2014. (73552 Supp. C.R. at 4). According to the notice of appointment, Appellant was in jail at the time of appointment. (73552 Supp. C.R. at 4). After trial, the trial court ordered Appellant to repay $3,000 in attorney's fees. (73552 C.R. at 63). There is no evidence that Appellant posted bail during the pendency of this case as there is no bail bond filed in the record.

There is no affidavit of indigence in the record in this cause, or its companion causes, which are also on appeal before this Court. There is no evidence of Appellant's finances other than that he was appointed counsel for trial and appeal, he was incarcerated at the time of the appointment, and does not to appear to have made bail prior to trial.

**Analysis**

There is no evidence supporting the trial court's order that Appellant repay his court appointed attorney's fees. While in jail, Appellant was appointed trial counsel. (73552 Supp. C.R. at 4). After Appellant was convicted, the trial court ordered that he repay attorney's fees in the amount of $3,000.00. (73552 C.R. at 63).

The facts related to the application for a court appointed attorney and the trial court's order to repay attorney's fees are almost identical between *Mayer v. State* and Appellant's case. *See Mayer*, 309 S.W.3d 552. In *Mayer*, the defendant filed an

10

Affidavit of Financial Status including "a request for a court appointed attorney to represent him because he did not have the financial ability to hire his own attorney." *Mayer*, 309 S.W.3d at 554. The affidavit stated that he was unemployed and supporting himself on government benefits. *Id.* After he was convicted, the defendant filed a pro se notice of appeal and an affidavit of financial status again requesting appointed counsel. *Id.* There was no evidence in the record in *Mayer* that supported the trial court's order that the defendant repay the court appointed attorney's fees. *Id.* at 556.

Appellant was found to be indigent at the inception of this case and was appointed a court appointed attorney to represent him at trial. (73552 Supp. C.R. at 4).

After being convicted, the court found the Appellant to be indigent and appointed the Appellant counsel on appeal. (73552 C.R. at 65). Appellant was in jail at the time counsel was appointed. (73552 Supp. C.R. at 4) There is no evidence in the record that he ever posted bail on any of these causes. As in *Mayer*, there is no evidence in the record to support the trial court's order that Appellant repay his court appointed attorney's fees.

The trial court may only order a defendant to repay his court appointed attorney if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." Tex. Code Crim. Proc. Ann. Art. 26.05(g). A court's finding that a defendant has such financial resources that would enable him to offset the cost of legal services provided must be

supported by evidence in the record. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App. --Amarillo 2009, no pet.). There is no evidence in the record to support a finding that the Appellant has "financial resources that enable him to offset in part or in whole the costs of the legal services provided." As such, the evidence supporting the court's order that Appellant repay his court appointed attorney's fees is legally insufficient and has no basis in the record.

The court of appeals in *Mayer* reformed the trial court's judgment to delete the paragraph ordering the defendant to repay attorney's fees. *Mayer v. State*, 274 S.W.3d 898, 901-02 (Tex. App. Amarillo 2008, pet. granted.). The Court of Criminal Appeals found this to be the proper remedy. *Mayer*, 309 S.W.3d at 557.

Appellants prays that this Court find that there is no evidence supporting the trial court's order that the Appellant repay his court appointed attorney fees and reform the judgment to remove the order.

## CONCLUSION AND PRAYER

The Appellants prays that this Court find that there is no evidence supporting the trial court's order that the Appellant repay his court appointed attorney fees and reform the judgment to remove the order. Appellant prays for any and all relief for which he may be eligible under the law

Respectfully submitted,

/s/ Joseph Kyle Verret
Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC

12

Counsel for Appellant
TBN: 240429432 47
11200 Broadway, Suite 2743
Pearland, Texas 77584
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief for Appellant was served on the Counsel for the Appellee, David Bosserman, at the Criminal District Attorney's Office of Brazoria County, Texas, by service through electronic filing on this 20th day of April, 2015.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

## CERTIFICATE OF WORD COUNT

I do hereby certify that the total word count for this document is 2,871 excluding those parts specifically excluded in Texas Rule of Appellate Procedure 9.4(i)(1) which is less than 15,000 words allowed per Texas Rule of Appellate Procedure 9.4.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932