

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00142-CR

---

GARY FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 452nd District Court
McCulloch County, Texas[1]
Trial Court No. 6125, Honorable Robert R. Hofmann, Presiding

---

August 16, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

On January 27, 2017, appellant, Gary Flores, entered an open plea of guilty to the offense of aggravated sexual assault of a child.[2] After a punishment hearing, the trial court accepted appellant's plea and sentenced him to twenty-six years' incarceration in

---

[1] Pursuant to the Texas Supreme Court docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between the precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] See TEX. PENAL CODE ANN. § 22.021 (West Supp. 2017).

the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine. Appellant timely filed his notice of appeal. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and, as modified, affirm the judgment.

In support of his motion to withdraw, counsel certifies that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has filed a pro se response. The State did not file a brief.

In the present case, appellant pled guilty to the offense of aggravated sexual assault of a child, signed written admonishments and a stipulation of evidence, and evidence was offered during the punishment hearing that was sufficient to establish appellant's guilt. By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After carefully reviewing the appellate record, counsel's brief, and appellant's pro se response, we conclude there are no plausible grounds for appellate review.

Counsel does identify that the evidence is insufficient to support the judgment's assessment of court-appointed attorney's fees against appellant. To assess attorney's fees in a judgment, a trial court must determine that the defendant has the financial resources enabling him to offset in whole or in part the costs of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017); *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial resources occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2017). For attorney's fees to be assessed, the record must reflect some factual basis to support the trial court's determination. *See Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam).

In the present case, appellant was found to be indigent on May 16, 2016, and the trial court appointed counsel to represent him. In the judgment entered after appellant was convicted, the trial court ordered appellant to repay $1,295 in court-appointed attorney's fees. On February 14, 2017, the trial court made a second finding that appellant was indigent and appointed him appellate counsel. Nothing in the record

3

indicates that appellant's financial status ever changed. In the absence of a finding that appellant has the present ability to pay court-appointed attorney's fees, the trial court's order violates article 26.05 of the Texas Code of Criminal Procedure. *Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013). Because there is no record evidence establishing that appellant had a present ability to pay the cost of his court-appointed attorney's fees, it is appropriate for us to modify the judgment to delete the order that appellant pay $1,295 in attorney's fees. *Bruce v. State*, No. 07-12-00347-CR, 2013 Tex. App. LEXIS 31, at *6 (Tex. App.—Amarillo Jan. 3, 2013, no pet.) (mem. op., not designated for publication); *Nelson v. State*, No. 03-11-00022-CR, 2011 Tex. App. LEXIS 8999, at *7 (Tex. App.—Austin Nov. 9, 2011, no pet.) (mem. op., not designated for publication).

We modify the judgment to delete the assessment of $1,295 in attorney's fees. We affirm the trial court's judgment as modified and grant counsel's motion to withdraw.[4] *See* TEX. R. APP. P. 43.2(b).

Judy C. Parker
Justice

---

[4] Even though appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which provides that counsel shall within five days after this opinion is handed down, send appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.