

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00274-CR

ANGEL RYDER MERCADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 29814-C, Honorable Richard Dambold, Presiding

November 8, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Angel Ryder Mercado, appeals his conviction for the offense of evading arrest by use of a motor vehicle[1] and sentence of six years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal. Appellant's appointed counsel on appeal has filed an *Anders*[2] brief

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

in support of a motion to withdraw.  We grant counsel's motion and, as modified, affirm the judgment.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant has not filed a response.  The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous.  We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of appellant's conviction or sentence.

However, in conducting our review, we discovered a mistake that necessitates correction. The trial court assessed the repayment of $4,355 in appointed attorney's fees against appellant. A trial court has the authority to order the reimbursement of court-appointed attorney's fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . ., including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010). Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial resources occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p). For attorney's fees to be assessed, the record must reflect some factual basis to support the trial court's determination. *Flores v. State*, No. 07-17-00142-CR, 2018 Tex. App. LEXIS 6518, at *3 (Tex. App.—Amarillo Aug. 16, 2018, no pet.) (mem. op.) (citing *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam)).

In the present case, appellant was found to be indigent on December 16, 2019, and the trial court appointed counsel to represent him. The judgment ordering appellant to repay $4,355 was entered December 7, 2020. Nothing in the record indicates that appellant's financial circumstances ever changed. In fact, appellant filed a "pauper's oath on appeal" requesting appointment of appellate counsel because appellant remained indigent. The trial court granted this request and appointed appellate counsel. In the absence of evidence that appellant has the present ability to pay court-appointed attorney's fees, the trial court's order violates article 26.05 of the Code of Criminal Procedure. *See Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013)

3

(discussing that both article 26.05(g) and *Mayer*, 309 S.W.3d at 556, require the trial court to determine a defendant has a present ability to reimburse for the cost of court-appointed attorney's fees before those fees can be assessed). Because there is no record evidence establishing that appellant had a present ability to pay the cost of his court-appointed attorney's fees, we modify the judgment to delete the order that appellant pay $4,355 in attorney's fees. *Flores*, 2018 Tex. App. LEXIS 6518, at *4 (citing *Bruce v. State*, No. 07-12-00347-CR, 2013 Tex. App. LEXIS 31, at *6 (Tex. App.—Amarillo Jan. 3, 2013, no pet.) (mem. op., not designated for publication)).

We modify the judgment to delete the assessment of $4,355 in attorney's fees. We affirm the trial court's judgment as modified and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(b).

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

4