

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00141-CR

---

BALLARD GENTRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 079728-D-CR, Honorable Steven Denny, Presiding

---

November 30, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Ballard Gentry, was charged with burglary of a habitation, a second-degree felony, and pleaded guilty to the charge.[1]  In March of 2021, the trial court deferred adjudication of Appellant's guilt and placed him on community supervision for a term of three years.  In March of 2023, the State filed an amended motion to proceed with adjudication of Appellant's guilt.  In its motion, the State alleged that Appellant had

---

[1] TEX. PENAL CODE ANN. § 30.02(a), (c)(2).

violated several conditions of his community supervision, including that Appellant had used methamphetamine and marijuana, and failed to report as required. At a hearing on the State's motion, Appellant appeared with counsel and entered a plea of true. After hearing testimony, the trial court found the allegations in the State's motion true and adjudicated Appellant guilty of the underlying offense of burglary of a habitation. The trial court sentenced Appellant to twelve years' confinement in the Texas Department of Criminal Justice. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We modify the judgment to correct an error, affirm it as modified, and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders,* 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

se response to counsel's *Anders* brief. Appellant has not filed a response and the State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

In her *Anders* brief, counsel does identify that the evidence is insufficient to support the judgment's assessment of $1,956.50 in court-appointed attorney's fees against Appellant. A trial court has the authority to order the reimbursement of court-appointed attorney's fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . ., including any expenses and costs . . . ." TEX. CRIM. PROC. CODE ANN. art. 26.05(g); *see Mayer v. State*, 309 S.W.3d 552, 555−56 (Tex. Crim. App. 2010). Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in the defendant's financial resources occurs. TEX. CRIM. PROC. CODE ANN. art. 26.04(p). For attorney's fees to be assessed, the record must reflect some factual basis to support the trial court's determination. *Flores v. State*, No. 07-17-00142-CR, 2018 Tex. App. LEXIS 6518, at *3

3

(Tex. App.—Amarillo Aug. 16, 2018, no pet.) (mem. op.) (citing *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam)).

In the present case, Appellant was found to be indigent on December 16, 2022, and the trial court appointed counsel to represent him. At the conclusion of the April 6, 2023 hearing on the motion to proceed, the court announced to Appellant, "I do find that you are indigent. If you do wish to appeal, I will appoint appellate counsel." The judgment ordering Appellant to repay $1,956.50 was entered April 11, 2023. On April 18, 2023, the trial court once again found Appellant was "too poor to employ counsel" and appointed appellate counsel. Nothing in the record indicates that Appellant's financial circumstances ever changed. In the absence of evidence that Appellant has the present ability to pay court-appointed attorney's fees, the trial court's order violates article 26.05 of the Code of Criminal Procedure. *See Cates v. State*, 402 S.W.3d 250, 251−52 (Tex. Crim. App. 2013) (discussing that both article 26.05(g) and *Mayer*, 309 S.W.3d at 556, require the trial court to determine a defendant has a present ability to reimburse for the cost of court-appointed attorney's fees before those fees can be assessed). Because there is no record evidence establishing that Appellant had a present ability to pay the cost of his court-appointed attorney's fees, we modify the judgment to delete the order that Appellant pay $1,956.50 in attorney's fees. *Flores*, 2018 Tex. App. LEXIS 6518, at *4 (citing *Bruce v. State*, No. 07-12-00347-CR, 2013 Tex. App. LEXIS 31, at *6 (Tex. App.—Amarillo Jan. 3, 2013, no pet.) (mem. op., not designated for publication)).

4

We modify the judgment to delete the assessment of $1,956.50 in attorney's fees.

We affirm the trial court's judgment as modified and grant counsel's motion to withdraw.[3]

*See* TEX. R. APP. P. 43.2(b).

Judy C. Parker<br>
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.