

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00414-CR
_____

ROGER ANTHONY KING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 32710C, Honorable Ana Estevez, Presiding

August 6, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Roger Anthony King was charged with four counts of indecency with a child by contact[1] and one count of aggravated sexual assault of a child.[2] At trial, Appellant entered a plea of guilty to all five counts without an agreed punishment recommendation from the State. After hearing punishment evidence, the trial court found Appellant guilty

_____

[1] *See* TEX. PENAL CODE ANN. § 21.11.

[2] *See* TEX. PENAL CODE ANN. § 22.021.

of all counts and sentenced him to twenty years' incarceration for the four indecency convictions and forty years' incarceration on the aggravated sexual assault conviction. The sentences were ordered to run concurrently. Appellant timely appealed. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We modify the judgments to correct an error, affirm them as modified, and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of the motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response, and the State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues which might

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

However, in his *Anders* brief, counsel does identify that the evidence is insufficient to support the judgments' assessment of $450.00 in court-appointed attorney's fees against Appellant. A trial court has the authority to order the reimbursement of court-appointed attorney's fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant . . ., including any expenses and costs . . . ." TEX. CRIM. PROC. CODE ANN. art. 26.05(g); *see Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). For attorney's fees to be assessed, the record must reflect some factual basis to support the trial court's determination that the defendant has the ability to pay some portion of the fees. *Flores v. State*, No. 07-17-00142-CR, 2018 Tex. App. LEXIS 6518, at *3 (Tex. App.—Amarillo Aug. 16, 2018, no pet.) (mem. op.) (citing *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (per curiam)).

In the present case, Appellant was found to be indigent on December 19, 2022, and the trial court appointed counsel to represent him. However, before January 16, 2023, Appellant retained counsel.[4] At the conclusion of trial, the trial court asked Appellant, "[a]re you able to pay the court costs and court-appointed attorney's fees now,

---

[4] Retained counsel was ordered substituted for appointed counsel. Appellant retained different counsel on two subsequent occasions before trial.

3

or is that something you would be able to make arrangements [sic] once you get released?"  Appellant responded that, "[i]f I get out of prison, it would have to be then."  After trial, Appellant filed a "Pauper's Oath on Appeal," which sought the appointment of appellate counsel on the basis of Appellant's indigency.  The trial court found Appellant indigent and appointed counsel to represent him on appeal.  In addition, the trial court entered "Indigency Findings and Orders" that find that "[Appellant] does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs . . . ."  Thus, the record reflects that Appellant does not have the present ability to pay court-appointed attorney's fees.  In the absence of evidence that Appellant has the present ability to pay court-appointed attorney's fees, the trial court's orders that Appellant repay $450.00 in court-appointed attorney's fees violates article 26.05 of the Code of Criminal Procedure.  *See Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013) (both article 26.05(g) and *Mayer*, 309 S.W.3d at 556, require trial court to find that defendant has present ability to reimburse cost of court-appointed attorney's fees before those fees may be assessed).  Because the record reflects that Appellant does not have a present ability to pay the cost of his court-appointed attorney's fees, we modify the judgments to delete the order that Appellant pay $450.00 in attorney's fees.  *Flores*, 2018 Tex. App. LEXIS 6518, at *4 (citing *Bruce v. State*, No. 07-12-00347-CR, 2013 Tex. App. LEXIS 31, at *6 (Tex. App.—Amarillo Jan. 3, 2013, no pet.) (mem. op., not designated for publication)).

We modify the judgments to delete the assessment of $450.00 in court-appointed attorney's fees.  We affirm the trial court's judgments as modified and grant counsel's motion to withdraw.[5]  *See* TEX. R. APP. P. 43.2(b).

Judy C. Parker
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.